Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| YOLANDA IRIZARRY PAGÁN<br><br>Apelante<br><br>v.<br><br>PEDRO JUAN MÉNDEZ PASTRANA<br><br>Apelado | TA2026AP00301 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso núm.: MZ2025CV01356<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 7 de mayo de 2026.

Comparece ante este tribunal apelativo, la Sra. Yolanda Irizarry Pagán (señora Irizarry Pagán o apelante) mediante una *Petición de Certiorari,* el cual acogemos como un recurso de apelación, y nos solicita que revoquemos la *Sentencia Final* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 30 de diciembre de 2025, notificada el 7 de enero de 2026. Mediante este dictamen, el foro primario determinó que la inacción de la apelante retrasó tanto los procedimientos del caso que privó al tribunal de jurisdicción, haciendo inaplicable la Regla 4.6 de las de Procedimiento Civil, *infra.* En consecuencia, el TPI coligió que, habiendo transcurrido el término de ciento vente (120) días para emplazar, ordenó el archivo sin perjuicio de la causa de acción.

Por los fundamentos que expondremos a continuación, revocamos el dictamen recurrido.

### I.

El 18 de agosto de 2025, la señora Irizarry Pagán presentó una demanda sobre cobro de dinero y ejecución de hipoteca en contra del Sr. Pedro Juan Méndez Pastrana (señor Méndez Pastrana

o apelado).[1] En esta alegó que, el 29 de noviembre de 2002, mediante la Escritura Número 12 sobre Compraventa ante el notario Lcdo. Norberto Toledo Sánchez, vendió al señor Méndez Pastrana la siguiente propiedad inmueble:

> ---RÚSTICA: Porción de terreno radicado en el Barrio Parguera de Lajas, con una cabida de cincuenta y seis punto ochocientos treinta y siete cuerdas (56.837 cdas.) Colinda al NORTE con terrenos de la sucesión Rafael Mercado y la finca segregada; al SUR, con terrenos de Yolanda Irizarry Pagán hoy de Hernán Longorio; al ESTE, con la carretera estatal número trescientos cuatro (304) y al OESTE con camino municipal. -----------------------------------------------------
>
> ---Inscrita al folio 166 del Tomo 389 de Lajas, Finca número 3,985.-------------------------------------------------

Así, esbozó que el precio de compraventa fue $500,000, y el mismo día de la compraventa recibió $215,000; y el restante, o sea, $285,000, el apelado lo garantizó con un pagaré hipotecario con la siguiente descripción:

> PAGARÉ hipotecario por la suma de $285,000.00, pagadero a favor de Yolanda Irizarry Pagán, suma que no devengará intereses durante los primeros 3 años contados a partir de la fecha de emisión si se satisface la suma total de dinero adeudada, si transcurrieron los 3 años y no saldó la suma de dinero adeudada, la suma de dinero no satisfecha devengará intereses al cuatro por ciento (4%) anual y vencedero a la presentación; suscrito el 29 de noviembre de 2002, por Pedro Juan Méndez Pastrana, mediante el Affidávit número 1,181, ante el Notario Norberto Toledo Sánchez, garantizado con Hipoteca constituida mediante la escritura número 13 de igual fecha y ante el mismo notario.----------------

No obstante, manifestó que el señor Méndez Pastrana incumplió con pagar la suma adeudada, dentro del término pactado, por lo que, tras múltiples gestiones de cobro que resultaron infructuosas, declaró vencida la obligación en su totalidad. Ante ello, solicitó que se ordenara el pago de las cantidades descritas a continuación:

- $265,000 de principal,
- $120,403.28 en intereses al momento de la radicación de la demanda,
- más los intereses y cualquier otro cargo y/o adelanto que se devengue y acumule hasta el saldo total y absoluto de la deuda, y

---

[1] *Véase*, el Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Entrada núm. 1.

- $28,500 para costas, gastos y honorarios de abogado que genere el proceso.

Además, peticionó que se dispusiera que, de no efectuarse el pago de las antedichas cantidades adeudadas, el bien inmueble fuera vendido en pública subasta para satisfacer dichas partidas y de ser insuficientes, que el apelado responda con todos sus bienes presentes y futuros. A tales efectos, ese mismo día, se expidió el emplazamiento personal en contra del señor Méndez Pastrana.[2]

El 15 de diciembre de 2025, la señora Irizarry Pagán presentó una *Moción solicitando Emplazamiento por Edicto*.[3] En esta, señaló que el apelado no se encontraba en Puerto Rico, ya que residía en el estado de Texas. No obstante, apuntaló que le solicitó al emplazador que realizara las gestiones conducentes a emplazar al señor Méndez Pastrana, a su última dirección conocida, para cumplir con las Reglas de Procedimiento Civil vigentes. Por tal motivo, solicitó que el TPI expidiera el emplazamiento por edicto.

El 16 de diciembre de 2025, el apelado, sin someterse a la jurisdicción, presentó un escrito intitulado *Urgente escrito de réplica a solicitud de la parte demandante de emplazamiento por edicto*.[4] En esencia, adujo que la señora Irizarry Pagán no emplazó al señor Méndez Pastrana dentro del término de ciento vente (120) días estatuido en la Regla 4.3 de las de Procedimiento Civil, *infra*. Por lo que, precisó que la solicitud de la apelante era un "subterfugio para curar su desidia" ante su incumplimiento con la referida regla. A su vez, sostuvo que el emplazador no tenía diligencias que realizar ni corroborar, toda vez que se conocía que el apelado residía fuera de Puerto Rico.

---

[2] SUMAC TPI, Entrada núm. 2.
[3] SUMAC TPI, Entrada núm. 3.
[4] SUMAC TPI, Entrada núm. 7.

Así las cosas, el 30 de diciembre de 2025, el TPI emitió la *Sentencia Final* apelada la cual se notificó el 7 de enero de 2026.[5] Mediante aludido dictamen, el foro *a quo* expresó que:

> En el caso ante nuestra consideración la parte demandante se cruzó de brazos para llevar a cabo el diligenciamiento personal dentro del término concedido por la Regla 4.3 y peor aún, conociendo que el demandado reside en Estados Unidos, optó por esperar al último día (a las 4:55pm) de los 120 días concedidos por la Regla 4.3 para solicitar el emplazamiento por editos [*sic*]. Ello actúa en contravención al principio rector de resolver las controversias de forma justa, rápida y económica. [...]

De igual forma, determinó que la señora Irizarry Pagán siempre tuvo conocimiento de que no tenía que llevar a cabo esfuerzos razonables para emplazar al señor Méndez Pastrana y que lo correcto era presentar la solicitud de emplazamiento por edicto desde que se radicó la demanda. Conforme a ello, juzgó que la apelante retrasó tanto los procedimientos del caso que privó al tribunal de jurisdicción, por lo que hacía inaplicable la Regla 4.6 de las de Procedimiento Civil, *infra*. En consecuencia, concluyó que habiendo transcurrido el término de ciento vente (120) días para emplazar al señor Méndez Pastrana, ordenó el archivo de la reclamación, sin perjuicio.

Inconforme, el 22 de enero de 2026, la señora Irizarry Pagán presentó una *Moción solicitando reconsideración de Sentencia dictada el 30 de diciembre de 2025 y notificada 7 enero 2026*.[6] Allí, señaló que la demanda fue presentada el 18 de agosto de 2025, por lo que el último día para solicitar el emplazamiento por edicto vencía el 16 de diciembre de 2025 y no el 15 de diciembre de 2025, según indicado en el dictamen. En este sentido, manifestó que la solicitud para emplazar mediante edicto fue radicada dentro del término de los ciento vente (120) días que dispone las Reglas de Procedimiento Civil vigentes. Por lo cual, solicitó que se dejara sin efecto la

---

[5] SUMAC TPI, Entrada núm. 11.
[6] SUMAC TPI, Entrada núm. 12.

*Sentencia Final* impugnada y se expidiera el emplazamiento por edicto solicitado.

En esa misma fecha, el señor Méndez Pastrana presentó una *Oposición a Moción de Reconsideración.*[7] En síntesis, arguyó que el dictamen recurrido fue correcto en derecho, toda vez que la señora Irizarry Pagán no emplazó al apelado dentro de los ciento vente (120) días que dispone la Regla 4.3(c) de las de Procedimiento Civil, *infra.*

Atendidos los escritos, el 19 de febrero de 2026, el TPI emitió y notificó una Resolución Interlocutoria declarando *No Ha Lugar* a la reconsideración presentada por la señora Irizarry Pagán.

Todavía insatisfecha, la apelante acude ante esta *Curia* imputándole al foro de primera instancia haber incurrido en los siguientes errores:

> ERRÓ EL TPI AL DICTAMINAR QUE TRANSCURRIÓ EL TÉRMINO DE 120 DÍAS PARA EMPLAZAR, CUANDO EL TÉRMINO VENCÍA DEL 16 DE DICIEMBRE DE 2025 Y NO EL 15 DE DICIEMBRE DE 2025 Y DESESTIMAR EL PRESENTE CASO.

> ERRÓ EL TRIBUNAL AL DICTAMINAR QUE LA PARTE DEMANDANTE NO PUEDE SOLICITAR EMPLAZAMIENTO POR EDICTO EL ÚLTIMO DÍA CONCEDIDO POR LA Regla 4.3 de las de Procedimiento Civil. (Aunque en este caso se solicitó emplazamiento por edicto a los 119 días después de radicada la Demanda).

> ERRÓ EL TRIBUNAL AL DICTAMINAR QUE LA PARTE DEMANDANTE TENÍA QUE RADICAR LA SOLICITUD DE EMPLAZAMIENTO POR EDICTO CON LA DEMANDA POR CONOCER QUE EL DEMANDADO RESIDÍA EN ESTADOS UNIDOS A PESAR DE QUE NO ERA CONOCIDO POR LA PARTE DEMANDANTE LA DIRECCIÓN FÍSICA DEL DEMANDADO O SI CONTINUABA VIVIENDO EN ESTADOS UNIDOS; Y SIN ADJUDICAR LA MOCIÓN PRESENTADA DE SOLICITUD DE EMPLAZAMIENTO POR EDICTO.

El 24 de marzo de 2026 emitimos una *Resolución* en la cual acogimos el recurso de epígrafe como uno de apelación e instruimos a nuestra Secretaría que realizara el cambio correspondiente en nuestro sistema alfanumérico. A su vez, le concedimos a la parte apelada hasta el 23 de abril de 2026 para expresarse. El 18 de abril

---

[7] SUMAC TPI, Entrada núm. 13.

siguiente, el apelado cumplió con lo ordenado mediante un *Alegato en Oposición a Apelación.* Por lo que, nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**El Emplazamiento**

En términos generales, la jurisdicción ha sido conceptualizada como el poder o autoridad con el que está investido un tribunal u organismo adjudicativo para atender los casos y las controversias que se le presenten. *Pérez López y otros v. CFSE,* 189 DPR 877, 882-883 (2013). Ningún tribunal podrá actuar sobre un demandado sin antes haber adquirido la autoridad necesaria para ello, es decir, si antes no adquiere jurisdicción sobre su persona. *Cirino González v. Adm. Corrección, et al.,* 190 DPR 14, 37 (2014).

Dentro de nuestro esquema adversativo civil, el emplazamiento constituye el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997); *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 22 (1993). El emplazamiento también persigue el propósito de notificar a la parte demandada que se ha instado en su contra una reclamación civil de suerte que pueda esta comparecer al pleito, ser oída y defenderse, si es que así lo interesa. *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018). Asimismo, el emplazamiento permite que la parte contra la cual se ha iniciado el proceso en su contra quede obligada con el dictamen que en su día emita el tribunal. *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021); *Torres Zayas v. Montano Gómez, et als.,* 199 DPR 458, 467 (2017).

Al ser el emplazamiento un mecanismo de rango constitucional, el fiel y cabal obedecimiento de sus requisitos resulta ser del estricto cumplimiento. *In re Rivera Ramos,* 178 DPR 651, 667-668 (2010); *Global v. Salaam,* 164 DPR 474, 480-481 (2005); *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863-864 (2005). El derecho procesal civil vigente contempla la posibilidad de emplazar a un demandado mediante tres (3) métodos distintos. La Regla 4.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, regula lo concerniente al emplazamiento personal, que no es otra cosa que, la entrega directa y personal al demandado, de copia de la demanda y del emplazamiento. Por su parte, la Regla 4.5, 32 LPRA Ap. V, R. 4.5, provee el mecanismo para renunciar voluntariamente al emplazamiento personal. Finalmente, la Regla 4.6, 32 LPRA Ap. V, R. 4.6, versa sobre el emplazamiento por edicto. En lo pertinente, esta dispone en su inciso (a) que:

> Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. [...]

Cónsono con ello, la Regla 4.3(c) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c), establece claramente que el emplazamiento será diligenciado en el término de **ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto**. Así, el Tribunal Supremo ha aclarado que el tiempo que la Secretaría se retrase en expedir los emplazamientos se añadirá al término para diligenciarlos. *Bernier González v. Rodríguez Becerra,* supra, a la pág. 649. No obstante,

ese tiempo adicional no constituye una prórroga, ni confiere discreción al tribunal para extender el término más allá de lo expresamente dispuesto en la Regla 4.3(c). *Íd.* De igual forma, ha reiterado que el término de ciento veinte (120) días comienza a transcurrir una vez se expiden los emplazamientos, pues antes de ello no existe nada que diligenciar. *Pérez Quiles v. Santiago Cintrón*, supra, a las págs. 388-390.

Ahora bien, en *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 993-994 (2020), el Tribunal Supremo resolvió que la solicitud de emplazamiento por edicto debe presentarse antes de que venza el término para diligenciar el emplazamiento personal y que, una vez acreditadas las diligencias realizadas en el término dispuesto, podrá autorizarse dicho mecanismo. Además, determinó que, una vez se expide el emplazamiento por edicto, comienza a transcurrir un nuevo término improrrogable de ciento veinte (120) días para su diligenciamiento. *Íd.*, a la pág. 994.

Por otra parte, destacamos que, en *Bernier González v. Rodríguez Becerra*, supra, a la pág. 645-650, el Tribunal Supremo tuvo la oportunidad de aclarar el lenguaje de la Regla 4.3 de las Procedimiento Civil de 2009, *supra*. Luego de hacer un recuento de las enmiendas que ha sufrido la citada regla, concluyó nuestro más alto foro que no cabe hablar de discreción a la hora de extender el término de 120 días provistos para el diligenciamiento del emplazamiento y transcurrido el mismo sin llevarse a cabo, el tribunal primario está obligado a desestimar automáticamente la reclamación.

**III.**

En esencia, mediante la discusión conjunta de los tres errores señalados, la apelante argumentó que el TPI incidió al desestimar la acción de epígrafe, toda vez que la solicitud para emplazar por edicto se realizó dentro de los ciento vente (120) días que dispone la Regla

4.3(c) de las de Procedimiento Civil, *supra.* A su vez, esbozó que el foro de primera instancia erró al concluir que se debió haber radicado la mencionada solicitud en conjunto a la demanda, a pesar de que la señora Irizarry Pagán desconocía la dirección física del apelado o si este continuaba viviendo en los Estados Unidos.

En lo pertinente ante nuestra consideración, la Regla 4.3(c) de las de Procedimiento Civil, *supra,* dispone que "[e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto". No obstante, una parte que opte por emplazar mediante edicto lo tiene que solicitar antes de que venza el término para diligenciar el emplazamiento personal. *Sánchez Ruiz v. Higuera Pérez et al.,* supra, a las págs. 993-994. Al respecto, la Regla 4.6(a) de las de Procedimiento Civil, *supra,* establece que:

> Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. [...]

Así pues, una vez se expide el emplazamiento por edicto, comienza a transcurrir un nuevo término improrrogable de ciento veinte (120) días para su diligenciamiento. *Sánchez Ruiz v. Higuera Pérez et al.,* supra, a la pág. 994.

Surge del trámite procesal que el 18 de agosto de 2025, se expidió el emplazamiento personal dirigido al señor Méndez Pastrana. A partir de ese momento, la apelante tenía ciento veinte (120) días, es decir, hasta el 16 de diciembre de 2025, para diligenciar el mismo o **presentar una solicitud para emplazar**

**mediante edicto**. A tales efectos, el 15 de diciembre de 2025, la señora Irizarry Pagán instó la solicitud de emplazamiento por edicto, ya que no pudo emplazar personalmente al apelado la cual estaba acompañada de una declaración jurada del emplazador con las diligencias efectuadas. Por tanto, y a base de la normativa previamente esbozada, no cabe duda de que la apelante realizó la referida solicitud en tiempo, esto es, antes del 16 de diciembre de 2025, último día del término para diligenciar el emplazamiento personal.

A pesar de ello, el TPI entendió que la inacción de la apelante privó al tribunal de jurisdicción debido a que esperó al "último" día para presentar dicha solicitud cuando conocía que el señor Méndez Pastrana no residía en Puerto Rico y que lo correcto era presentarla desde que se incoó la demanda. Respecto a este raciocinio (el que, en principio, está incorrecto porque el pedido no presentó el último día del plazo de los 120 días), precisa enfatizar que no surge del lenguaje claro de la Regla 4.3 ni de la Regla 4.6 de las de Procedimiento Civil, *supra*, el requerimiento de presentar la petición de emplazar por edicto con la demanda cuando el demandado esté fuera de Puerto Rico. Recordemos que el más alto foro diáfanamente ha dictaminado que la petición para emplazar mediante edicto tiene que ser solicitada antes de que venza el término para diligenciar el emplazamiento personal. *Sánchez Ruiz v. Higuera Pérez et al.*, supra, a la pág. 994. Por ende, el TPI está imponiendo una exigencia que las referidas reglas ni el ordenamiento jurídico contemplan.

Además, surge del expediente que, aunque la apelante entiende que el apelado reside en los Estados Unidos, la única información que tenía sobre el señor Méndez Pastrana era su dirección postal y no física.[8] Por ello, arguyó que se vio obligada a

---

[8] SUMAC TPI, Entradas núms. 1 y 12.

solicitar el emplazamiento por edicto mediante una declaración jurada donde se detallaba las gestiones realizadas para emplazar personalmente al apelado a su última dirección conocida.[9]

En virtud de todo lo antes explicado, resulta forzoso concluir que la apelante solicitó el emplazamiento por edicto dentro del término provisto por la Regla 4.3(c) de las de Procedimiento Civil, *supra*, y; por consiguiente, se cometieron los errores imputados y procede revocar el dictamen apelado.

Como consecuencia de lo antes resuelto, el TPI tiene que atender la solicitud para emplazar por edicto instada por la apelante, así como evaluar la declaración jurada preparada por el emplazador para determinar si resultan suficientes o no las diligencias efectuadas por este para citar al apelado personalmente. De esta manera, estará en condición para razonar si procede dictar la orden disponiendo que el emplazamiento se realice por edictos. Sobre este punto, es menester subrayar que, desde la demanda, la señora Irizarry Pagán ha especificado que, aunque sabe que el señor Méndez Pastrana está fuera de Puerto Rico, solo conoce una dirección postal del apelado en el estado de Texas, pero no le consta un lugar específico donde este se encuentre residiendo fuera de Puerto Rico. Al respecto, explica el tratadista José A. Cuevas Segarra que, conforme con la Regla 4.6 de las de Procedimiento Civil, *supra*, cuando el demandante ignora la dirección del demandado fuera de Puerto Rico se exige prueba, para la expedición del emplazamiento por edicto, de las diligencias convincentes y específicas para localizar al demandado. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 356.

Por último, se hace importante advertir que, respecto al pedido desestimatorio incluido por el apelado en el *Urgente escrito*

---

[9] SUMAC TPI, Entradas núms. 3 y 12.

*de réplica a solicitud de la parte demandante de emplazamiento por edicto*, el foro de primera instancia, previo a dictar el dictamen impugnado acogiendo el mismo, no le otorgó la oportunidad a la señora Irizarry Pagán a expresarse sobre la petición. Lo que resulta ser un proceder en contravención a los principios básicos del debido de proceso de ley y a lo dispuesto en la Regla 8.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 8.4.

**IV.**

Por los fundamentos antes expuestos, *revocamos* la *Sentencia Final* apelada. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para para que, dentro del plazo improrrogable de cinco días (5) desde que se reciba el mandato, resuelva la *Moción Solicitando Emplazamiento por Edicto* presentada por la señora Irizarry Pagán acorde con los pronunciamientos expresados.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones